UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61795-CV-DIMITROULEAS

ROXANA EDELMIRA LOPEZ
LOPEZ DE VASQUEZ,

     Petitioner,

v.

SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY (DHS), et. al.,

     Respondents.

_____/

## <u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

**THIS CAUSE** is before the Court on Petitioner Roxana Edelmira Lopez

Lopez de Vasquez ("Petitioner")'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

[DE 1], filed June 26, 2026, and Plaintiff's Emergency Motion for Temporary Restraining Order,

Immediate Administrative Stay of Removal, and Expedited Preliminary Injunction Proceedings

[DE 5], filed July 6, 2026. The Court has considered the Petition [DE 1] and the Motion [DE 5],

along with the Response and Reply to the Petition [DEs 4, 6] and all attachments thereto, and is

otherwise fully advised in the premises.

Petitioner argues she is entitled to habeas relief because her detention violates the Fifth

Amendment's Due Process Clause. In turn, the Government argues, *inter alia*, that the *Zadvydas*

prongs have not been met, and that Petitioner's detention, pending her imminent removal to

Guatemala, is lawful. Because the Court agrees that the *Zadvydas* prongs are not met here, the

Petition and Motion are **DENIED**.

Petitioner is a native and citizen of Guatemala and has been in the custody of U.S.

Immigration and Customs Enforcement (ICE) since June 25, 2026. On February 25, 2019,

following a hearing before an Immigration Judge, Petitioner was ordered removed to Guatemala. [DE 4-3]. The Board of Immigration Appeals subsequently affirmed the Immigration Judge's Order. [DE 4-4]. Petitioner was released on an Order of Supervision and remained outside detention for seven years until the Government detained Petitioner on June 25, 2026, when Petitioner appeared for a scheduling reported appointment. [DE 4-5]. Respondents have obtained a travel document and scheduled removal to occur no later than July 15, 2026. *See* [DE 4-6] p. 1.

Based upon the foregoing facts, Petitioner is not entitled to habeas relief. Petitioner is presently detained under 8 U.S.C. § 1231(a) as she is subject to a final order of removal. When an alien receives a removal order, the Attorney General has 90 days to remove him from the United States. § 1231(a)(1)(A). The Attorney General must detain the alien "[d]uring" his removal period, § 1231(a)(2) and may detain qualifying criminal alien "beyond" his removal period. *Id.* § 1231(a)(6). Although § 1231(a)(6) does not contain an explicit time limit on detention, the Supreme Court in *Zadvydas* read an implicit limitation into the statute "in light of the Constitution's demands" and held than an alien may be detained only for a period of time "reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). *Zadvydas* establishes that 90 additional days is presumptively reasonableness period under this subsection, for a total of six months. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, to state a claim under *Zadvydas*, the noncitizen must show post removal order detention in excess of six months, and "also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Petitioner admittedly "does not assert that she is entitled to release because she has been detained beyond the presumptively reasonable period recognized in *Zadvydas*." Pet. Reply. [DE

6] p. 5. Indisputably, she has not been detained for longer than six months but only since June 25, 2026.[1] And Petitioner admits that removal is highly foreseeable—it is scheduled to occur within the week.

Instead, Petitioner takes the position that the *Zadvydas* framework does not apply to her case because it was not pled in the Petition. Rather, Petitioner argues that the Fifth Amendment's Due Process Clause requires an individualized custody determination before Respondents continue detaining Petitioner, "under the particular circumstances presented." *Id.* Those circumstances are that (1) Petitioner has lived in the community under ICE supervision for approximately seven years after entry of the removal order, (2) she is the primary caregiver for three United States-citizen children, including a daughter with a congenital heart condition requiring ongoing medical monitoring and treatment, (3) she has no criminal history, (4) she has substantial family and community ties, (5) she has a pending Motion to Reopen based on alleged changed country conditions and continuing threats, and (6) she has a pending affirmative asylum application filed by her husband in which Petitioner and her son are listed as derivative beneficiaries.

Although the Court is sympathetic to these circumstances, Respondents are not required to provide a custody redetermination hearing on these facts. Instead, the *Zadvydas* decision controls the rights to be afforded in post-removal order detention under the Fifth Amendment's Due Process Clause. *See Zadvydas*, 533 U.S. at 690 (reading § 1231 "in light of the Constitution's demands"). Petitioner has not cited any cases to the contrary. Because no *Zadvydas* violation exists here, Respondents' actions are within constitutional bounds.

---

[1] Aggregating all time spent in detention—per this Court's practice—would only add one additional day to the total time spent in detention. *See* Detention History, [DE 4-2].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [DE 1] is **DENIED**.

2. The Emergency Motion [DE 5] is **DENIED**.

3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of June, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record